Brock Hobson
23911 Blue Ridge Place
Moreno Valley, CA 92557
(310) 936-1938
no fax
Defendant, In Pro Per
email: VHB357@gmail.com



FILED
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
2017 MAR 28 AM 10:37
BY ___

IFP
Deck 18

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CHARLES JOHNSON

Plaintiff(s),

vs.

BROCK HOBSON; and DOES 1 - 10

Defendant.

Case No. ED CV17-00586 JGB (DTBx)

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:

PLEASE TAKE NOTICE that defendant Brock Hobson, ("Defendant") hereby remove to this Court the above-captioned action described further below:

1. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

1

On February 3, 2017, Plaintiff Charles Johnson ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Riverside entitled Charles Johnson v. Brock Hobson, Case No. RIC 1703024. Defendant's Demurrer to the complaint for unlawful detainer was based on a defective Notice to Quit. A true and correct copy of the relevant pleadings, i.e., summons, complaint, Demurrer and Answer are attached hereto as **Exhibit "A"**.

2. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).
3. There are no other defendants in this action.
4. No previous request has been made for the relief requested.
5. The Superior Court of California for the County of Riverside is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).
6. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

7. The complaint for Unlawful Detainer is subject to strict notice requirements.
8. Defendant filed an Answer to the complaint based on a defective notice, i.e., the Notice to Pay Rent or Quit, failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. §5220].
9. Notwithstanding said violation of 12 U.S.C. §5220, the Superior Court for the County of Riverside did not sustain Defendant's Demurrer.

10. Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law. Wherefore, Defendant Brock Hobson respectfully remove this action from the California Superior Court for County of Riverside this Court pursuant to 28 United States Code Sections 1331 and 1441.

Respectfully submitted,

Dated: 3-27-17

By: _____
**BROCK HOBSON**
**Defendant, In Pro Per**

**EXHIBIT "A"**

SUM-130

**SUMMONS**
**(CITACION JUDICIAL)**
UNLAWFUL DETAINER—EVICTION
*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

NOTICE TO DEFENDANT: BROCK HOBSON
*(AVISO AL DEMANDADO):*

YOU ARE BEING SUED BY PLAINTIFF: CHARLES JOHNSON
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 22 2017

V. Alvarado

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is: [X] 4050 Main St., Riverside, CA 92501
   *(El nombre y dirección de la corte es):*
   30755-D Auld Rd., Murrieta, CA 92563   [ ] 880 N. State St., Hemet, CA 92543
   
   CASE NUMBER: **RIC 1703024**
   *(Número del caso):*
   
   3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262   265 N. Broadway, Blythe, CA 92225   311 E. Ramsey St., Banning, CA 92220

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   CHARLES JOHNSON                                                          951-660-9835
   1042 WALNUT STREET, #B          TUSTIN, CALIFORNIA 92780

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: FEB 22 2017                              Clerk, by **V. ALVARADO**, Deputy
*(Fecha)*                                      *(Secretario)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)           [ ] other *(specify):*
5. [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use                SUMMONS—UNLAWFUL DETAINER—EVICTION       Code of Civil Procedure, §§ 412.20, 415.456, 1167
Judicial Council of California                                                                       www.courtinfo.ca.gov
SUM-130 [Rev. July 1, 2009]

Doc ID: 5a151c8cff02dc586d34...

5

SUM-130

| PLAINTIFF (Name): CHARLES JOHNSON | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): BROCK HOBSON | RIC 1703024 |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name: CONSTANCE GARCIA

   b. Telephone no.: 951-656-4564

   c. Street address, city, and zip:
      13800 HEACOCK STREET, SUITE D-129
      MORENO VALLEY, CALIFORNIA 92553

   d. County of registration: RIVERSIDE

   e. Registration no.: 247

   f. Registration expires on *(date)*: 08/30/2017

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| CHARLES JOHNSON<br>1042 WALNUT STREET, #B<br>TUSTIN, CALIFORNIA 92780<br>TELEPHONE NO.: 951-660-9835  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Self-Represented | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>☒ 4050 Main St., Riverside, CA 92501<br>☐ 30755-D Auld Rd., Murrieta, CA 92563<br>☐ 880 N. State St., Hemet, CA 92543<br>☐ 311 E. Ramsey St., Banning, CA 92220    265 N. Broadway, Blythe, CA 92225<br>☐ 3255 E. Tahquitz Canyon Way, Palm Spring, CA 92262 | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>FEB 22 2017<br>V. Alvarado |
| PLAINTIFF: CHARLES JOHNSON<br>DEFENDANT: BROCK HOBSON<br>☒ DOES 1 TO 10 | |
| COMPLAINT — UNLAWFUL DETAINER*<br>☒ COMPLAINT  ☐ AMENDED COMPLAINT (Amendment Number): | CASE NUMBER:<br>RIC 1703024 |

Jurisdiction (check all that apply):
☒ ACTION IS A LIMITED CIVIL CASE
   Amount demanded ☒ does not exceed $10,000
                            ☐ exceeds $10,000 but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    ☐ from unlawful detainer to general unlimited civil (possession not in issue)  ☐ from limited to unlimited
    ☐ from unlawful detainer to general limited civil (possession not in issue)  ☐ from unlimited to limited

1. PLAINTIFF (name each): CHARLES JOHNSON

   alleges causes of action against DEFENDANT (name each):
   BROCK HOBSON

2. a. Plaintiff is (1) ☒ an individual over the age of 18 years.  (4) ☐ a partnership.
           (2) ☐ a public agency.  (5) ☐ a corporation.
           (3) ☐ other (specify):
   b. ☐ Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   23911 BLUE RIDGE PLACE
   MORENO VALLEY, CALIFORNIA 92557 RIVERSIDE COUNTY

4. Plaintiff's interest in the premises is ☒ as owner  ☐ other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about (date): 10/09/2017  defendant (name each):
   BROCK HOBSON

    (1) agreed to rent the premises as a ☒ month-to-month tenancy ☐ other tenancy (specify):
    (2) agreed to pay rent of $ 1600.00  payable ☒ monthly ☐ other (specify frequency):
    (3) agreed to pay rent on the ☒ first of the month ☐ other day (specify):
   b. This ☒ written ☐ oral agreement was made with
    (1) ☒ plaintiff.  (3) ☐ plaintiff's predecessor in interest.
    (2) ☐ plaintiff's agent.  (4) ☐ other (specify):

* NOTE: Do not use this form for eviction after sale (Code Civ. Proc., § 1161a).

Page 1 of 3

Form Approved for Optional Use  
Judicial Council of California  
UD-100 [Rev. July 1, 2005]

COMPLAINT—UNLAWFUL DETAINER

Civil Code, § 1940 et seq.  
Code of Civil Procedure §§ 425.12, 1166  
www.courtinfo.ca.gov

Doc ID: 5a151c8cff02dc586d3e63fce502a041d0e07

| PLAINTIFF (Name): CHARLES JOHNSON | CASE NUMBER: |
|---|---|
| DEFENDANT(Name): BROCK HOBSON | |

6. c. [X] The defendants not named in item 6a are
   (1) [ ] subtenants.
   (2) [ ] assignees.
   (3) [X] other (specify): Unknown Occupants
   d. [ ] The agreement was later changed as follows (specify):

   e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. [ ] (For residential property) A copy of the written agreement is not attached because (specify reason):
       (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
       (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant (name each):
   **BROCK HOBSON**

   was served the following notice on the same date and in the same manner:
   (1) [X] 3-day notice to pay rent or quit      (4) [ ] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit                  (5) [ ] 3-day notice to quit
   (3) [ ] 60-day notice to quit                  (6) [ ] Other (specify):

   b. (1) On (date): 02/17/2017   the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [X] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
      (1) [ ] by personally handing a copy to defendant on (date):
      (2) [ ] by leaving a copy with (name or description):
              a person of suitable age and discretion, on (date):   at defendant's
              [ ] residence [ ] business   AND mailing a copy to defendant at defendant's place of residence on
              (date):   because defendant cannot be found at defendant's residence or usual place of business.
      (3) [X] by posting a copy on the premises on (date): 02/14/2017   [ ] AND giving a copy to a
              person found residing at the premises AND mailing a copy to defendant at the premises on
              (date):
              (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
              (b) [X] because no person of suitable age or discretion can be found there.
      (4) [ ] (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
      (5) [ ] (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

   b. [ ] (Name):
         was served on behalf of all defendants who signed a joint written rental agreement.
   c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. [X] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

UD-100 [Rev. July 1, 2005]   COMPLAINT—UNLAWFUL DETAINER   Page 2 of 3

Doc ID: 5a151c8cff02dc586d3e63fce502a041d0e07

PLAINTIFF (Name): CHARLES JOHNSON

DEFENDANT (Name): BROCK HOBSON

CASE NUMBER:

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 4800.00
11. ☒ The fair rental value of the premises is $ 53.33 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 12.)
13. ☐ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☒ past-due rent of $ 4800.00
   d. ☒ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.
   f. ☒ damages at the rate stated in item 11 from (date): March 1, 2017 for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☐ other (specify):

18. ☒ Number of pages attached (specify): 3

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. (Complete in all cases.) An unlawful detainer assistant ☐ did not ☒ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)

   a. Assistant's name: CONSTANCE GARCIA
   b. Street address, city, and zip code: 13800 HEACOCK STREET, SUITE D-129] MORENO VALLEY, CALIFORNIA 92553
   c. Telephone No.: 951-656-4564
   d. County of registration: Riverside
   e. Registration No.: 247
   f. Expires on (date): 08/30/2017

Date: 02/18/2017

CHARLES JOHNSON
(TYPE OR PRINT NAME)

▶ Charles Johnson Received Fax
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 02/18/2017

CHARLES JOHNSON
(TYPE OR PRINT NAME)

▶ Charles Johnson Received Fax
(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]               COMPLAINT—UNLAWFUL DETAINER                    Page 3 of 3

9

Doc ID: 5a151c8cff02dc586d3e63fce502a041d0e0

Brock Hobson
23911 Blue Ridge Place
Moreno Valley, CA 92557
(310) 980-0247

Defendant, In Pro Per

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 28 2017

V. Alvarado

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| CHARLES JOHNSON,<br><br>Plaintiff(s),<br><br>vs.<br><br>BROCK HOBSON,<br><br>Defendant. | Case No. RIC 1703024<br><br>DEFENDANT'S NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: 3/29/2017<br><br>Time: ~~8:30 AM~~ 1pm<br><br>Dept: 11<br><br>*Notice Of Submission Without Appearance* |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on 3/29/ 2017 at 8:00 AM, or soon thereafter as it may be heard in the above-entitled court, located at 30755-D Auld Rd., Murrieta, CA 92563, Defendant, Brock Hobson, hereinafter ("Defendant") will present his Demurrer to Plaintiff, Charles Johnson (hereinafter "Plaintiff") Complaint for Unlawful Detainer.

1
Demurrer

10

The Demurrer will be based on Plaintiff's Complaint for Unlawful Detainer, the accompanying Memorandum of Points and Authorities, the records of the Court, and such other and further mattersas the Court may consider at the hearing on the Demurrer.

Dated: 2-27-17

By: _____

BROCK HOBSON
Defendant, In Pro Per

# DEMURRER

Defendant Brock Hobson hereby specifically and generally Demurs to the Complaint for unlawful Detainer as follows: Plaintiff's Complaint for Unlawful Detainer is defective in that the 3-Day Notice of Termination of Tenancy was and is inappropriate; Plaintiff's Complaint for Unlawful Detainer fails to state a cause of action against these demurring Defendant.

3-Day Notice of Termination of Tenancy, which is incorporated into the complaint for Unlawful Detainer, was allegedly served on Defendant by posting and directing Defendant to pay an inaccurate amount of or quit and deliver up possession of the premises within 3 days after service of the notice. The 3-Day Notice of Termination of Tenancy is inappropriate and inaccurate whereby rendering the entire Complaint defective on its face.

WHEREFORE Defendant prays:

1. That the Demurrer is sustained without leave to amend;
2. That Plaintiff takes nothing by way of its Complaint for Unlawful Detainer;
3. For costs of suit incurred, if allowed;
4. For such other costs and relief as the Court may deem just and proper

Dated: 2-27-17

By: [signature]

BROCK HOBSON
Defendant, In Pro Per

3
Demurrer

12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

Defendant resides at the subject property and have resided there since it was leased as a sole residence.

## II.

## THE THREE DAY NOTICE IS INAPPROPRIATE AND DEFECTIVE.

The Complaint for Unlawful Detainer specifically requests damages which are based on the rental value on the property [Complaint for U.D., ¶ 9]. This language characterizes Defendant as a former tenant. Whether consent and acceptance of rent created a landlord tenant relationship depends of course on the particular circumstances of each case. Defendant are renters not a former tenant.

Consequently, Civ. C §1946, Notice Required to Terminate Tenancy states:
*"A hiring of real property, for a term not specified by the parties, is deemed to be renewed as stated in Section 1945, at the end of the term implied by law unless one of the parties gives written notice to the other of his intention to terminate the same, at least as long before the expiration thereof as the term of the hiring itself, not exceeding 3 days; provided, however, that as to tenancies from month to month either of the parties may terminate the same by giving at least 3 days' written notice thereof at any time and the rent shall be due and payable to and including the date of termination."*
Therefore, the appropriate Notice is a 3-Day Notice to Pay or Quit.

Code of Civ. Proc. §1161(2) states, in pertinent part, that:
*"When he or she continues in possession, in person or by subtenant, without the permission of his or her landlord, or the successor in estate of his or her landlord, if applicable, after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring its payment, stating the amount which is due, the name, telephone number, and address of the person to whom the rent payment shall be made..."*
Consequently, the mere service of a 3-Day Notice to Quit on Defendant was inappropriate.

*"(a) In general. In the case of any foreclosure on a federally related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to*

4
Demurrer

"(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the elective date of such notice; and

"(2) the right* of any bonafide tenant, as of the date of such notice of foreclosure

"(A) under any bonafide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or

"(B) without a lease or with a lease terminable at will under State law, subject to the receipt by the tenant of the 90 day notice under subsection (1), except that nothing under this section shall affect the requirements for termination of any Federal or State subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

"(b) Bonafide lease or tenancy. For purposes of this section, a lease or tenancy shall be considered bonafide only if

"(1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;

"(2) the lease or tenancy was the result of an arms length transaction; and

"(3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit's rent is reduced or subsidized due to a Federal, State, or local subsidy."

The 3-Day Notice of Termination of Tenancy that was served on Defendant does not contain the provision mandated nor any language there from. Therefore, the Three Day Notice is defective.

III.

CONCLUSION

Based on the foregoing, Defendant requests that their Demurrer to Plaintiff's Complaint for Unlawful Detainer be sustained without leave to amend.

Dated: 2-27-17

By: _____
Brock Hobson
Defendant, In Per

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 330 West Broadway, San Diego, CA 92021, Los Angeles, CA 90056

On February 27, 2017, I served the foregoing document(s) described as:

**DEFENDANT'S NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** to the following parties:

Charles Johnson
1042 Walnut St., #B
Tustin, CA 92780
(951) 660-9835

[ x ] (By U.S. Mail) I deposited such envelope in the mail at Hemet, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 2-27-17

|  |  | UD-105 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY<br>NAME: Brock Hobson<br>FIRM NAME:<br>ADDRESS: 23911 Blue Ridge Place<br>CITY: Moreno Valley<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Defendants In Pro 'er | STATE BAR NO.:<br>STATE: CA   ZIP CODE: 93557<br>TELEPHONE NO.:<br>FAX NO. (Optional): | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside<br>STREET ADDRESS: 30755-D Auld Rd<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Murrieta, CA 9256?<br>BRANCH NAME: | | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>MAR 0 9 2017<br>C. Mundo |
| PLAINTIFF: Charles Johnson<br>DEFENDANT: Brock Hobson | | |
| ANSWER—UNLAWFUL DETAINER | | CASE NUMBER:<br>RIC 1703024 |

1. Defendant (each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs): Brock Hobson

    answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**

    a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*

    b. ☑ Defendant admits that all of the statements of the complaint are true EXCEPT:
    
    (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or on form MC-025):*   ☐ Explanation is on MC-025, titled as Attachment 2b(1).
    
    paragraph numbers: 7-10

    (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
    ☐ Explanation is on MC-025, titled as Attachment 2b(2).

3. **AFFIRMATIVE DEFENSES** *(NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*

    a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
    b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
    c. ☐ *(nonpayment of rent only)* On *(date):* _____ before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
    d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
    e. ☑ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
    f. ☑ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
    g. ☑ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

    *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*

    h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
    i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, or stalking. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
    j. ☑ Other affirmative defenses are stated in item 3k.

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 1, 2012]   ANSWER—UNLAWFUL DETAINER   Page 1 of 2
Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov

16

|  | UD-105 |
|---|---|
|  | CASE NUMBER: RIC 1703024 |

3. AFFIRMATIVE DEFENSES (cont'd)

   k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025):*

   ☐ Description of facts is on MC-025, titled as Attachment 3k.

   Improper notice of 3 day to quit, etc.

4. OTHER STATEMENTS

   a. ☐ Defendant vacated the premises on *(date):*
   b. ☑ The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025):*
   ☐ Explanation is on MC-025, titled as Attachment 4b.

   c. ☐ Other *(specify below or on form MC-025 in attachment):*
   ☐ Other statements are on MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
   a. that plaintiff take nothing requested in the complaint.
   b. costs incurred in this proceeding.
   c. ☐ reasonable attorney fees.
   d. ☐ that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
   e. ☑ Other *(specify below or on form MC-025):*
   ☑ All other requests are stated on MC-025, titled as Attachment 5e.
   seal the case, Dismiss with case with prejudice

6. Number of pages attached: _____

   **UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. *(Must be completed in all cases.)* An unlawful detainer assistant ☑ did not ☐ did for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state:*
   a. Assistant's name:                                      b. Telephone No.:
   c. Street address, city, and zip code:
   d. County of registration:                e. Registration No.:          f. Expires on (date):

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

Brock Hobson                                          ▶ [signature]
(TYPE OR PRINT NAME)                                  (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____                             ▶
(TYPE OR PRINT NAME)                                  (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the defendant in this proceeding and I have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date: March __, 2017

Brock Hobson                                          ▶ [signature]
(TYPE OR PRINT NAME)                                  (SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 1, 2012]          **ANSWER—UNLAWFUL DETAINER**                    Page 2 of 2

17